**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 96-30383
Summary Calendar

MARY FRANCES WILSON, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF BILLY E. WILSON;
DENNIS WILSON; HEDY WILSON HERTZOG,

Plaintiffs-Appellants,

v.

THE GROW GROUP, et al,

Defendants,

THE GROW GROUP INCORPORATED; GROWCO INCORPORATED;
NATIONAL AEROSOL PRODUCTS,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-307-R)

September 11, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Plaintiffs, the widow and children of Billy Wilson, appeal the district court's grant of summary judgment in favor of the Defendants in their suit claiming Billy Wilson's death was caused by Defendants' chemicals.

The Plaintiffs first argue that the district court prematurely considered and decided defendants' motion for summary judgment. The Plaintiffs contend that the district court's action was an abuse of discretion in light of the Plaintiff's last minute discovery that their medical expert would not testify in their behalf. The Plaintiffs assert that without this witness's testimony, they could not prove causation, a central element in their prima facie case against the Defendants. Accordingly, the Plaintiffs sought a continuance, which the district court denied. The Plaintiffs then argue that the district court abused its discretion in failing to grant a continuance.

We have reviewed the record and briefs and AFFIRM the district court's grant of summary judgment for the defendants. See The Estate of Billy Wilson, et al v. The Grow Group, Inc. et al, No. 94-CV-307-R (E.D. La. Oct. 13, 1995). The district court granted judgment because Plaintiffs failed to show that a genuine issue exists as to whether the deceased was ever exposed to defendant's product, not for lack of proof of medical causation. The Plaintiffs cannot rely on the mere allegations in their pleadings to defeat the defendants' motion for summary judgment. See Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, the Plaintiffs cannot

rely on an unsworn affidavit to raise a fact issue precluding summary judgment.  See Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1302 (5th Cir. 1988).

AFFIRMED.